IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

C. HERB JARRETT,                }
                                }
    Plaintiff                   }
                                }   CIVIL ACTION NO.
vs.                             }
                                }   97-AR-2101-S
J. A. WEBSTER, INC., ET AL.,    }
                                }
    Defendants                  }

## MEMORANDUM OPINION

The court is presented with a motion by plaintiff, C. Herb Jarrett, to remand the above-entitled case to the Circuit Court of Jefferson County, Alabama (Bessemer Division), from which it was removed by defendants upon an allegation of complete diversity of citizenship based, in turn, upon an allegation that defendant, James Herring, who holds a non-diverse citizenship (being a resident-citizen of Florida, as is Jarrett) was fraudulently joined for the purpose of destroying diversity jurisdiction. The removal is accompanied by Herring's motion pursuant to Rule 12(b)(2) to dismiss for lack of *in personam* jurisdiction.

The case is in a posture that distinguishes it from *Seguros Comercial America v. American President Lines, Ltd.*, 934 F. Supp. 243 (S.D. Tex. 1996), in which a removing defendant unsuccessfully argued that plaintiff had fraudulently joined a non-diverse defendant that was not subject to *in personam* jurisdiction. There,

1

the district court assumed *arguendo* that it lacked *in personam* jurisdiction, reasoning that the non-diverse defendant, <u>which did not join in the removal</u>, could waive *in personam* jurisdiction, a fact which made it theoretically possible for the case to proceed in the state court against all defendants. In the present case, on the other hand, Herring has not only joined in the removal but has interposed his alleged jurisdictional defense. He interestingly does not assert a Rule 12(b)(6) defense, necessarily subtracting from the allegation of <u>fraudulent</u> joinder, usually accompanied by a Rule 12(b)(6) motion.

As it must, the court starts with the presumption against removal jurisdiction based on a core principle of federalism and the requirement that removal statutes be strictly construed against jurisdiction in the federal court. A defendant who challenges the applicability of Alabama's long arm statute has the burden of disproving the existence of the bare minimum contacts that form the basis for *in personam* jurisdiction, Alabama's long arm statute being as long as the "due process clause" will allow. Because Herring has failed to meet that burden and because the court finds that the minimum contacts for "long arm" jurisdiction do exist (although this court does not presume to prejudge the issue for the state court), plaintiff's motion to remand will be granted by separate order.

DONE this 15th day of September, 1997.

*[signature]*
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE